# EXHIBIT 1

# Declaration of John G. McCarthy in Support of Plaintiffs' Motion For a Preliminary Injunction dated September 27, 2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 24-81143-CIV-DMM**

**777 PARTNERS LLC** and
**SUTTONPARK CAPITAL LLC**,

       Plaintiffs,

v.

**LEADENHALL CAPITAL PARTNERS LLP,**
**LEADENHALL LIFE INSURANCE LINKED**
**INVESTMENT FUND PLC, NOAH DAVIS,**
**SAIPH CONSULTING LLC**, and
**PAUL KOSINSKI**,

       Defendants.

_____/

**DECLARATION OF JOHN G. McCARTHY IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

JOHN G. McCARTHY, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the Bar of the States of New York and Connecticut, the United States Supreme Court, the United States Courts of Appeals for the Second, Third, Seventh and Ninth Circuits and the United States District Courts for the Southern, Eastern, Northern and Western Districts of New York, the District of Connecticut and the Northern District of Indiana.

2. I have personal knowledge of the matters described in this declaration, and if called as a witness, I could and would testify competently to the matters discussed in this declaration.

3. I represent Plaintiffs and some of their affiliates in a civil action filed by Leadenhall in the United States District Court for the Southern District of New York entitled

SGR/71615125.1

*Leadenhall Capital Partners LLP, et ano. v. Wander, et al.*, 24 Civ. 3453 (JGK) (the "Leadenhall Litigation").

4. By letters dated August 20, 2024 and August 30, 2024, I notified Leadenhall and Saiph respectively about the illegal incursions by Noah Davis into Plaintiffs' networks.

5. Leadenhall filed an amended complaint in the Leadenhall Litigation on August 30, 2024.

6. On September 11, 2024, I received a letter from counsel for Saiph acknowledging in writing that Davis had entered SutonPark's offices and taken equipment from the premises. A copy of that letter from Harold E. Morlan, III, is attached hereto as Exhibit A. That letter referenced Leadenhall in the subject line.

7. Shortly thereafter, Saiph's counsel followed up with a "corrected" letter that scrubbed the reference to Leadenhall. A copy of Saiph's second letter scrubbing the reference to Leadenhall is attached hereto as Exhibit B.

8. To date, none of the defendants has returned any of Plaintiffs' information or property to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2024.

_____
John G. McCarthy

SGR/71615125.2

2

# Exhibit A



HAROLD E. MORLAN III
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, FL  32801
DIRECT   (407) 835-6950
EMAIL     hmorlan@shutts.com

September 11, 2024

**VIA EMAIL:  jmccarthy@sgrlaw.com**
John G. McCarthy
Smith Gambrell Russell
1301 Avenue of the Americas
New York, New York   10019

Re:     *SuttonPark Capital – Leadenhall Capital Partners*

Dear Mr. McCarthy:

The undersigned and the law firm of Shutts & Bowen, LLP, represent Saiph Consulting ("Saiph") with respect to its collateral audit of Sutton Park Capital.

On the evening of September 9, Saiph learned of a suspicion that Noah Davis, a 1099 IT contractor for Saiph, allegedly entered the SuttonPark office on the evening of September 5 and allegedly took equipment from the premises. On September 10, Saiph received some corroboration of this suspicion. In particular, it was corroborated that Mr. Davis entered the SuttonPark office without authorization.

After receiving confirmation of Mr. Davis's unauthorized access to SuttonPark's office, Saiph promptly terminated its contractual relationship with Mr. Davis as well as his access to Saiph's office and computer systems.

There has been no suggestion or information that any of the equipment Mr. Davis allegedly took from SuttonPark ever came into the possession of Saiph. Nor has there been any indication that Saiph improperly received any Sutton Park data. In an abundance of precaution, however, Saiph is commencing an immediate independent audit of the devices and platforms to which Mr. Davis had access, to ensure no information was ever improperly obtained or stored on Saiph's systems.  In the unlikely event the results of the audit indicate that there are records that do not pertain to Saiph's audit of collateral under its various engagements, Saiph will promptly notify the affected parties and remove such information from its systems. Please let me know if you have any specific concerns in this regard and if you would like to schedule a call to discuss.

John G. McCarthy
Smith Gambrell Russell
September 11, 2024
Page  2

Sincerely,

SHUTTS & BOWEN, LLP

*/s/ Harold E. Morlan III*

HAROLD E. MORLAN III

HEM/db
cc:    Leigh N. Nathanson, Esq. (counsel for King & Spalding, LLP)
       Arturo Caraballo, Esq. (counsel for Arnold & Porter)

TPADOCS 25503316 1

# Exhibit B



HAROLD E. MORLAN III
PARTNER
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1600
Orlando, FL  32801
DIRECT   (407) 835-6950
EMAIL     hmorlan@shutts.com

September 11, 2024

**VIA EMAIL:  jmccarthy@sgrlaw.com**
John G. McCarthy
Smith Gambrell Russell
1301 Avenue of the Americas
New York, New York   10019

    **Re:**    *SuttonPark Capital – Collateral Audit*

Dear Mr. McCarthy:

The undersigned and the law firm of Shutts & Bowen, LLP, represent Saiph Consulting ("Saiph") with respect to its collateral audit of Sutton Park Capital.

On the evening of September 9, Saiph learned of a suspicion that Noah Davis, a 1099 IT contractor for Saiph, allegedly entered the SuttonPark office on the evening of September 5 and allegedly took equipment from the premises. On September 10, Saiph received some corroboration of this suspicion. In particular, it was corroborated that Mr. Davis entered the SuttonPark office without authorization.

After receiving confirmation of Mr. Davis's unauthorized access to SuttonPark's office, Saiph promptly terminated its contractual relationship with Mr. Davis as well as his access to Saiph's office and computer systems.

There has been no suggestion or information that any of the equipment Mr. Davis allegedly took from SuttonPark ever came into the possession of Saiph. Nor has there been any indication that Saiph improperly received any Sutton Park data. In an abundance of precaution, however, Saiph is commencing an immediate independent audit of the devices and platforms to which Mr. Davis had access, to ensure no information was ever improperly obtained or stored on Saiph's systems.  In the unlikely event the results of the audit indicate that there are records that do not pertain to Saiph's audit of collateral under its various engagements, Saiph will promptly notify the affected parties and remove such information from its systems. Please let me know if you have any specific concerns in this regard and if you would like to schedule a call to discuss.

John G. McCarthy
Smith Gambrell Russell
September 11, 2024
Page  2

Sincerely,

SHUTTS & BOWEN, LLP

/s/ *Harold E. Morlan III*

HAROLD E. MORLAN III

HEM/db
cc:    Leigh N. Nathanson, Esq. (counsel for King & Spalding, LLP)
       Arturo Caraballo, Esq. (counsel for Arnold & Porter)

TPADOCS 25503316 1