**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:24-CV-81143-DMM**

**777 PARTNERS LLC and**
**SUTTONPARK CAPITAL LLC,**

    Plaintiffs,

v.

**LEADENHALL CAPITAL PARTNERS**
**LLP, LEADENHALL LIFE**
**INSURANCE LINKED INVESTMENT**
**FUND PLC, NOAH DAVIS, SAIPH**
**CONSULTING LLC and PAUL**
**KOSINSKI**

    Defendants.
_____/

**DEFENDANTS SAIPH CONSULTING LLC AND PAUL KOSINSKI'S EXPEDITED UNOPPOSED MOTION TO EXTEND BRIEFING SCHEDULE AND CONTINUE HEARING ON PLAINTIFFS 777 PARTNERS LLC AND SUTTONPARK CAPITAL LLC'S EXPEDITED MOTION FOR A PRELIMINARY INJUNCTION AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

    Defendants, Saiph Consulting LLC ("Saiph") and Paul Kosinski ("Kosinski") (collectively, the "Defendants") under Rule 6(b) of the Federal Rules of Civil Procedure and in accordance with Local Rule 7.1(a)(3), and (d)(2) move for an extension of the deadlines for Defendants to file its response to Plaintiffs, 777 Partners LLC ("777 Partners") and SuttonPark Capital LLC's (collectively, the "Plaintiffs") Expedited Motion for a Preliminary Injunction and Incorporated Memorandum of Law ("Motion for Preliminary Injunction") (DE 11), and state as follows:

1

1. Pursuant to Local Rule 7.1(d)(2), a ruling is requested on this motion as soon as October 11, 2024 or as soon thereafter as possible, but no later than Monday October 14, 2024, due to the pending expedited deadline to respond on October 16, 2024 pursuant to this Court's Order DE [14] on Plaintiff's Motion for Temporary Injunction.

2. On September 30, 2024, the Plaintiffs filed their Motion for Preliminary Injunction (DE 11).

3. Defendants were served with a copy of the Summons, Complaint, and Motion for Preliminary Injunction on October 3, 2024.

4. Currently, Defendants' Response to the Motion for Preliminary Injunction is due on or by October 16, 2024, and if the response were filed then, the Plaintiffs' reply would be due on or by October 21, 2024. The hearing on the Motion for Preliminary injunction is currently set for October 25, 2024.

5. Defendants seek an extension of their Response deadline until October 25th and a continuance of the hearing on the Motion for Preliminary Injunction until November 1, 2024.

6. The Court may grant an extension of time for good cause shown if the motion is made before the original time expires. *See* Rule 6(1)(b)(A). District courts have broad discretion in the pre-trial management of their cases, "including discovery and scheduling." *Johnson v. Bd. Of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001).

7. Defendants have good cause for seeking an extension of the deadlines. There is a related matter between Leadenhall Capital Partners LLP ("Leadenhall") and 777 Partners and its affiliates pending in the Southern District of New York[1] (the New York Action). In the New York Action, Leadenhall has sued 777 Partners for, *inter alia*, fraudulently double pledging the collateral

---

[1] Case No. 1:24-cv-03453, *See* [DE. 23] Notice of Pending, Refiled, Related or Similar Actions by Paul Kosinski, Saiph Consulting LLC

that was the subject matter of the collateral audit investigation that Leadenhall hired Saiph to perform, which investigation is part of the alleged subject matter of the instant lawsuit. Accordingly, any relief sought in the instant action would be likely to impact the New York Action, wherein the court has already entered a preliminary injunction against 777 Partners and its affiliates. Defendants' response to the complaint, which is not due until October 24, 2024, is likely to raise significant jurisdictional and venue issues, especially considering the potential impact on the New York Action.

8. Allowing an additional 9 days for defendants to respond and address the jurisdictional and venue issues will not result in prejudice to Plaintiffs', as the conduct at issue in the motion is alleged past conduct which is not ongoing. There have been no allegations of any suspected computer intrusion of Plaintiffs' systems occurring since August 9, 2024,[2] and Plaintiffs and their experts have taken steps to eliminate the attack vectors allegedly used to infiltrate their networks, and including disabling Noah Davis's accounts and credentials allegedly used, and performing an audit "to ensure Mr. Davis did not have access to any software, systems or vendor account information.[3]" Allowing an additional 9 days to respond to the Motion for Preliminary Injunction will also allow the Defendants time to respond to the Plaintiffs' Complaint, which response is currently not due until after the deadline for Defendants' response to the Motion for Preliminary Injunction.

9. Additionally, storm-related events have affected both Defendants' counsel and expert, as well as others. Coming on the heels of major hurricane Helene striking two weeks ago, Hurricane Milton has recently caused extensive damage and disruption across the state, including

---

[2] See Id., pages 9-16.
[3] Id. at 7-8.

in Orlando and throughout Central Florida where the undersigned's offices, residence, and family members reside. Currently, over 2 million people in Florida are still without power.

10. Furthermore, both Helene and Milton struck the offices and residence of Defendants' retained computer forensic expert located in Tampa/West Central Florida, resulting in substantial delay of the necessary analysis required to evaluate Plaintiffs' expert report filed in conjunction with the Motion for Preliminary Injunction. In light of the highly technical subject matter of Plaintiff's allegations, and Plaintiffs' forensic expert, Eric V. Mazur's declaration and 116 page report filed in support of the Motion for Preliminary injunction, sufficient time for Defendants' expert to complete his analysis and report will be critical to addressing Plaintiffs' allegations. Notably, Plaintiffs' expert had 45 days to prepare his report, having first been briefed on this matter on August 13, 2024, and submitting a report dated September 27, 2024, which report was filed with the Motion for Temporary Injunction[4].

11. In addition, the undersigned has a pre-planned, non-refundable, non-reschedulable vacation scheduled from October 13 to 19, 2024.

12. In light of the foregoing, Defendants respectfully request an extension of their response deadline and a continuance of the hearing on the Motion for Preliminary injunction of at in order to allow Defendants' expert sufficient time to complete his analysis, and for Defendants to prepare their briefs in opposition, potentially conduct discovery, and prepare for the hearing on the Motion for Preliminary injunction.

13. This motion is not being brought for purposes of undue delay.

14. The requested extension is sought in good faith.

---

[4] See Declaration of Eric Mazur, Exhibit 4 to Plaintiffs' Motion for Preliminary Injunction [DE 11-4], cover page and page 1.

15. The brief delay sought herein will not cause prejudice to any party, including because of the lack of emergent or ongoing harm as discussed in paragraph 8 and the hurricane(s) are likely to have affected most, if not all, parties and/or witnesses. In addition, there is a dispute over the validity of service on the other corporate defendants, and there is a related matter pending in the Southern District of New York, which could impact the proper venue for this action.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for the Defendants represents that he conferred in good faith with Plaintiffs' counsel Brian McPherson and John McCarthy, Leadenhall's counsel Leigh Nathanson, and Davis's Counsel Jacob Cohen[5] on October 11, 2024 via telephone, and all Parties do not oppose the relief sought in this Motion.

**WHEREFORE**, Defendants, Saiph Consulting LLC and Paul Kosinski respectfully request that the Court enter an order extending Saiph and Kosinski's deadline to respond to the Motion for Preliminary Injunction to October 25, 2024 and Plaintiff's reply deadline to such response to October 29, 2024, and continuing the Hearing on the Motion for Preliminary Injunction until November 1, 2024.

---

[5] Davis has not yet retained counsel for this case, but Cohen is his counsel for other purposes and indicated that Mr. Davis has no objection to the relief sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Harold E. Morlan III*
Harold E. Morlan III