**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO. 9:24-CV-81143-DMM**

**777 PARTNERS LLC and**
**SUTTONPARK CAPITAL LLC,**

      **Plaintiffs,**

**v.**

**LEADENHALL CAPITAL PARTNERS**
**LLP, LEADENHALL LIFE**
**INSURANCE LINKED INVESTMENT**
**FUND PLC, NOAH DAVIS, SAIPH**
**CONSULTING LLC and PAUL**
**KOSINSKI.**

      **Defendants.**

---

**DEFENDANTS SAIPH CONSULTING LLC AND PAUL KOSINSKI'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendants, Saiph Consulting LLC ("Saiph") and Paul Kosinski ("Kosinski") move to

dismiss Plaintiffs, 777 Partners LLC ("777 Partners") and SuttonPark Capital LLC's

("SuttonPark" and together with 777 Partners, "Plaintiffs'"), Amended Complaint (DE 68), and in

support state as follows:

**I.  INTRODUCTION**

In their initial Complaint, Plaintiffs alleged that their former employee, Noah Davis

("Davis"), improperly accessed their computer systems using the login credentials they provided

him, but they failed to link these allegations to ultimate facts supporting their contention that any

of the other Defendants knew about, much less encouraged, the incursions they alleged Davis

committed. Plaintiffs' Amended Complaint suffers from the same fatal defect. Plaintiffs still fail

to adequately allege that Saiph, Kosinski, and Leadenhall were involved in Davis's alleged

ORLDOCS 22028811 7

conduct. Instead, the Plaintiffs resort to their familiar theory of Saiph and Kosinski's liability: Davis committed the alleged intrusions into the Plaintiffs' data while he was engaged as an employee or independent contractor to Saiph. DE 68, ¶ 13. The Amended Complaint fails to allege ultimate facts showing that Davis's alleged conduct was at the direction of Saiph or Kosinski, that such conduct was committed within the course and scope of Davis's alleged engagement with Saiph, or that either Saiph or Kosinski were aware of Davis's "intrusions."

Rather than allege any ultimate facts suggesting that Saiph and Kosinski played a role in Davis's alleged conduct, the Amended Complaint asserts that Davis gained improper access using credentials that he obtained while he was employed by 777 Partners. *See* DE 68, ¶ 37 ("Davis…used his extensive knowledge of Plaintiffs' systems and its practices and procedures, gained during his time as head of IT for 777 Partners, as well as his prior 777 Partners' access credentials…to gain extensive and unauthorized access into 777 Partners' systems on multiple occasions."). Accordingly, the Amended Complaint reflects that Davis's use of login credentials that 777 Partners provided during his employment at 777 Partners—and kept active by 777 Partners following his departure—facilitated Davis's alleged conduct, rather than Saiph. The involvement of Saiph was neither necessary, nor sufficient, to facilitate the "intrusions" alleged against Davis.

Even vaguer are the allegations against individual Defendant Kosinski, who Plaintiffs appear to have included in the lawsuit solely based upon his status as "founder and managing member of SAIPH…". Doc. 68, ¶ 6, 12. Importantly, the Complaint does not allege that Kosinski, in his individual capacity, employed Davis. *See Id.* at ¶13 ("Davis was…hired by SAIPH…"). The Amended Complaint pleads no ultimate facts showing that Davis's alleged conduct resulted from the direction of Kosinski, or that Kosinski was even aware of such conduct before it occurred.

ORLDOCS 22028811 7

Premised on these vague and conclusory allegations, the Plaintiffs shotgun plead six (6) separate causes of action against all Defendants, including (Count I) Computer Fraud and Abuse Act, 18 U.S.C. §1030; (Count II) Conversion; (Count IV) Trespass to Chattels; (Count V) Civil Conspiracy; (Count VII) Florida Computer Abuse and Data Recovery Act, §668.801, et seq., Fla. Stat. (2024); and (Count VIII) Stored Communications Act, 18 U.S.C. § 2701, et seq. The Amended Complaint also attempts to state a cause of action for Replevin (Count III) against Davis, Saiph, and Kosinski, and a single count, (Count VI) Aiding and Abetting, that does not name Davis.

For the foregoing reasons, and as discussed below, all counts of the Complaint should be dismissed as to Saiph and Kosinski.

<u>**MEMORANDUM OF LAW**</u>

## II. <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face and "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Thus, "a plaintiff's obligation to provide the grounds of his entitlement to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## III. <u>ARGUMENT</u>

### A. **Plaintiffs Insufficiently Allege Factual Matters Under Twombly/Iqbal**

As a threshold matter, Plaintiffs' Amended Complaint relies upon speculation and allegations predicated on "information and belief," which the Court should not accept as true for purposes of this Motion to Dismiss. As this Court has stressed:

ORLDOCS 22028811 7

> A court ruling on a motion to dismiss for failure to state a claim accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff, but the court need not accept as true allegations upon information and belief that lack sufficient facts to make the allegations plausible.

*In re Zantac (Ranitidine) Products Liab. Litig.*, 546 F. Supp. 3d 1152, 1164 (S.D. Fla. 2021).

Plaintiffs' allegations predicated on "information and belief" cannot shore up the dearth of factual support for their causes of action. For instance, Plaintiffs allege:

> Davis, upon information and belief at the behest of or for the benefit of his employer's client, Leadenhall, used his extensive knowledge of Plaintiffs' systems and its practices and procedures, gained during his time as head of IT for 777 Partners, as well as his prior 777 Partners' access credentials (which he was no longer entitled to use following his resignation from 777 Partners), to gain extensive and unauthorized access into 777 Partners' systems on multiple occasions.

> \*\*\*

> Upon information and belief, these files were obtained by Davis using credentials he was not authorized to use.

> \*\*\*

> Accordingly, it is reasonable to infer that Davis, Kosinski and/or Saiph provided these files to Leadenhall to provide it an advantage in the Leadenhall Litigation, pending in the SDNY.

DE 68, ¶¶ 21, 89-90.

Stripped to its core, Plaintiffs are speculating that Davis and Leadenhall conspired to improperly access Plaintiffs' systems and files for the benefit of Leadenhall, and that Davis obtained these files using credentials he was not granted. Moreover, Plaintiffs allegation that "it is reasonable to infer that Davis, Kosinski and/or Saiph provided these files to Leadenhall to provide it an advantage in the Leadenhall Litigation, pending in the SDNY[,]" is insufficient to create a plausible inference that it is true. *See In re Zantac*, 546 F. Supp. At 1164 ("The mere fact that someone believes something to be true does not create a plausible inference that it is true.") *quoting In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014).

ORLDOCS 22028811 7

Plaintiffs reliance upon speculation, unfounded beliefs, and naked assertions, such as these allegations included above, is precisely the pleading deficiencies rule 12(b)(6) is designed to filter out. *Twombly*, 550 U.S. at 555, *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"). Without factual support to bolster Plaintiffs assorted speculative and conclusory allegations, the allegations in the Amended Complaint remain implausible.

### B.      Count I - Computer Fraud and Abuse Act, 18 U.S.C. §1030

As to Count I, violation of the Computer Fraud and Abuse Act ("CFAA"), Plaintiffs continue to allege that Saiph and Kosinski are "liable on this claim because they directed, encouraged and/or induced Davis and, alternatively, are liable for the actions of their employee Davis, pursuant to the doctrine of respondeat superior." DE 68, ¶ 105. Count I thus presents dueling theories of liability against Saiph and Kosinski, alleging both that they are directly liable for violating the CFAA and/or vicariously liable for Davis's actions. However, as described below, the Amended Complaint does not allege sufficient facts to support a theory of vicarious liability against Saiph and Kosinski for Davis's actions. While the Amended Complaint summarily asserts that Saiph and Kosinski directed or encouraged Davis's conduct, such alleged conduct does not constitute a direct violation of the CFAA. Furthermore, Plaintiffs plead no ultimate underlying facts as to who, when, or how such direction or encouragement occurred, and thus fail to state a claim for this reason as well. Finally, the Amended Complaint fails to state a claim upon which relief can be granted under CFAA because it impermissibly fails to specify what part or parts of CFAA were violated and fails to allege sufficient facts to establish that Saiph or Kosinski access to Plaintiffs' files and data was unauthorized.

ORLDOCS 22028811 7

### 1.    The Amended Complaint fails to allege ultimate facts showing that Saiph or Kosinski directly violated the CFAA.

Saiph and Kosinski's alleged encouragement or direction of Davis does is not a direct violation of the CFAA, which provides for only a "limited private right of action 'against the violator,' i.e., the person who violates the statute with requisite criminal intent." *Enhanced Recovery Co., LLC v. Frady*, 2015 WL 1470852, at *11 (M.D. Fla. Mar. 31, 2015); *see also CareersUSA, Inc. v. Guerrero*, No. 14-80096-CIV, 2014 WL 12862259, Case 9:24-cv-81143-DMM at *4 (S.D. Fla. Aug. 25, 2014) ("There is no support for holding that CFAA provides a private cause of action against co-conspirators").

In *Enhanced Recovery*, the court considered a similar factual scenario wherein co-defendants were alleged to be liable under the CFAA because they "allegedly directed [the direct violator] to access and misappropriate [the plaintiff's] proprietary information." *Id*. As here, the complaint in Enhanced Recovery did not allege that the co-defendants had accessed plaintiff's computers or exceed their authorized access. *Id*. Rather, the complaint alleged that "they caused [the direct violator] to do so." *Id*. The court noted that "none of the forms of conduct listed in §1030(a)(1-7) suggests that a person who does not access a plaintiff's computer, and who does not access any information on the plaintiff's computer, commits the offense." *Id., citing Power Equipment Maint. v. AIRCO Power Svcs.*, 953 F. Supp. 2d 1290, 1297 (S.D. Ga. June 28, 2013) ("What is missing from the complaint, and thus fatal, is any allegation that Defendants…either lacked access or exceeded their authorized access. In its complaint, Plaintiff hangs its hat on the agency theory of authorized access…[c]learly, the CFAA requires that the individual actually access the information, not merely receive it from a third party.").

Similarly, in *Armor Correctional v. Teal*, 2021 WL 5834245, at *27 (S.D. Fla. Dec. 8, 2021), the court found that a claim for violation of the CFAA failed as a matter of law where the

6 of 17

defendant allegedly asked a third-party to send confidential information the third-party lacked authority to access. *Armor Corr. Health Servs., Inc. v. Teal*, No. 19-CV-24656, 2021 WL 5834245, at \*27 (S.D. Fla. Dec. 8, 2021) ("…[T]he Court is unaware of…any authority in support of [plaintiff's] position that an individual who receives information from a third party may be liable under the CFAA.").

In *CareersUSA*, Judge Scola granted a motion to dismiss claims for violation of the CFAA against a defendant who "at most…received information [from an individual co-defendant alleged to have gained unauthorized access] and 'conspired' with [that individual co-defendant] to obtain the information." *CareersUSA*, 2014 WL 12862259 at \*4. The court reasoned that the CFAA provisions relied on by plaintiffs would apply only if the defendant "'intentionally access[ed]' the information on a protected computer." *Id.* Since the complaint alleged that it was the individual defendant who gained improper access, not the co-defendants, there was no valid claim against the co-defendants who didn't access the system. *Id.* ("…CFAA only provides for a cause of action against the actual violator.").

While Plaintiffs newly allege that either "Davis, Kosinski, and/or Saiph obtained and altered extensive confidential and propriety data," that bare assertion fails to allege that Saiph and Kosinski accessed this data without authorization. Doc. 68, ¶ 102. Specifically, Plaintiffs do not allege that the MP Fin files purportedly "obtained and altered" were outside the scope of Saiph's audit, and therefore unauthorized. *Id.* at 58. This same pleading defect applies to Plaintiffs newly added allegation that "[b]etween August 2, 2024 and August 9, 2024, someone using the credentials assigned to Saiph for use by Lauren Boersig accessed the MP Fin System on scores of occasions." DE 68, ¶ 58. Similar to *Enhanced Recovery*, Plaintiffs do not allege that whoever accessed the MP Fin System was unauthorized to do so pursuant to Saiph's audit or that Davis was

ORLDOCS 22028811 7

accessing the MP Fin files by using the credentials Plaintiffs provided to Saiph. There is also no allegation that Davis was ever responsible for any aspect of file or data collection during Saiph's audit of the Plaintiffs. Indeed, Davis could not use Saiph's login credentials to improperly access files because Plaintiffs specifically plead that they only provided Saiph limited access to files necessary to complete the audit. DE 68, ¶ 31. Lastly, Plaintiffs fail to allege that Saiph and Kosinski accessed the data with the requisite criminal intent. Therefore, even with these additional bare assertions, this Court should dismiss the Count I of the Amended Complaint.

### 2. The Amended Complaint fails to state a claim for a violation of CFAA.

Despite the opportunity to amend their Complaint, Plaintiffs persist in failing to identify what subsection of the CFAA they are suing under, and therefore Count I should be dismissed. The CFAA has numerous subsections, with various violations with different elements, and different defenses. *See e.g. Coll Builders Supply, Inc. v. Velez*, 2017 WL 4158661, at \*1–7 (M.D. Fla. Aug. 31, 2017), report and recommendation adopted, 617CV933ORL40DCI, 2017 WL 4125641 (M.D. Fla. Sept. 18, 2017) (Discussing four different alleged violations of CFAA in a complaint); 18 USC § 1030(a)(1)–(7) (specifying at least 14 different violations of CFAA). Plaintiffs' vague references to the MP Fin files being altered by inserts and updates is insufficient to plead an action under the CFAA because Plaintiffs do not specify what provision, if any of the CFAA, makes this unlawful. *See* DE 68, ¶ 58. Nor do Plaintiffs allege that the MP Fin files purportedly "obtained and altered" were outside the scope of Saiph's audit, and therefore unauthorized. *Id.* Because there are numerous potential violations of CFAA with different elements and different defenses, Plaintiffs' failure to allege the specific violations under CFAA for which they are seeking relief, as well as the elements of each, does not provide sufficient information to apprise the Defendants of the claims against them with enough specificity to "give

ORLDOCS 22028811 7

the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests," as required under Rule 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 3. The Amended Complaint does not support a claim based on vicarious liability.

Regarding Kosinski, he cannot be vicariously liable for the actions of Davis because the Complaint does not allege that Kosinski ever employed Davis. *See* DE 68, ¶ 13 ("Davis was…hired by SAIPH…"). Moreover, Kosinski's status as the "managing member" of Saiph does not make Kosinski personally liable for Davis's alleged conduct. *See* § 605.0304, Fla. Stat. ("A member or manager is not personally liable, directly or indirectly…for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager."). This deficiency is also fatal to Counts II, III, and IV against Kosinski, all of which assert liability against Kosinski solely based upon the doctrine of respondeat superior.

Regarding Saiph, it is insufficient for Plaintiffs to simply allege that Saiph employed or contracted with Davis and therefore Saiph is responsible for Davis's alleged unauthorized access to Plaintiffs files and data under the doctrine of respondeat superior. *See Lockheed Martin Corp. v. Speed*, 2006 WL 2683058 *3 (M.D. Fla. August 1, 2006) (The CFAA, primarily a criminal statute, provides a civil cause of action in §1030(g)…"); *see also* DE 68, ¶¶ 13, 105. "For purposes of imposing vicarious liability on the employer, an employee's conduct is within the scope of employment only if: (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." *McKee v. Crestline Hotels & Resorts, LLC*, 376 So. 3d 758 (Fla. 4th DCA 2024) (internal citations and quotations omitted).

ORLDOCS 22028811 7

Accordingly, to establish Saiph's vicarious liability, the Plaintiffs must show that Davis was hired to improperly access Plaintiff's information, and his actions were performed in course and scope of his duties in furtherance of Saiph's business interests. In addition to failing to adequately allege that the alleged incursions were within the scope of Davis's employment, the Amended Complaint is missing critical facts establishing how Davis's alleged "intrusions" had any reasonable relationship to Saiph's business purpose. Indeed, the only facts establishing any cognizable purposes for Davis's intrusions relate to some purported benefit to Leadenhall—not Saiph or Kosinski—in the litigation proceeding in the Southern District of New York. DE 68, ¶ 99. Based on Plaintiffs' allegations in the Amended Complaint, the only party that could have benefited from Davis's alleged intrusions was Leadenhall as the recipient of the allegedly ill-gotten files and data, not Saiph and Kosinski. *Id*. Furthermore, Plaintiffs fail to allege that Davis's improper access of these files was pursuant to, or incidental of, Saiph's audit of Plaintiffs business operations. There is also no allegation that Davis was ever authorized by Saiph or Kosinski to participate in any aspect of file or data collection during Saiph's audit of the Plaintiffs. Indeed, the Amended Complaint still attributes Davis's prior employment with 777 Partners to show Davis has access to Plaintiffs' files—not the audit. *See* Doc. 68, ¶ 37.

### C.    Counts II, III, and IV

Plaintiffs' Counts II, III, and IV continued reliance upon the doctrine of respondeat superior as their sole basis for Saiph and Kosinski's liability fails because: (1) Plaintiffs do not allege Davis was acting within the course and scope of him employment; and (2) Kosinski's status as managing member of Saiph does not create vicarious liability. First, nowhere in the Amended Complaint do Plaintiffs state how Davis's alleged actions were performed for Saiph's business purposes, as explained above. Moreover, the Amended Complaint solely relies upon Kosinski's status as a managing member of Saiph to support their respondeat superior argument, which is unsupported

ORLDOCS 22028811 7

as a matter of law. *See Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266 (S.D. Fla. 2007).

### D.  Civil Conspiracy

A civil conspiracy claim requires: (1) an agreement between two or more parties (2) to do any unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in furtherance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy. *Charles v. Florida Foreclosure Placement Center, LLC*, 998 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008). "An actionable conspiracy requires an actionable underlying tort or wrong." *Honig v. Kornfeld*, 339 F. Supp. 3d 1323 (S.D. Fla. August 20, 2018), quoting *Hercules Capital, Inc. v. Gittleman*, 2018 WL 395489 at *24 (S.D. Fla. January 12, 2018). Plaintiffs have not stated a cause of action for civil conspiracy on two separate grounds: (1) Plaintiffs fail to allege a conspiratorial agreement and an overt act in furtherance thereof, and (2) on the basis of the intra-corporate conspiracy doctrine.

First, Count V fails to allege any ultimate facts of a conspiratorial agreement between Saiph, Kosinski and the remaining Defendants. Paragraph 128 alleges generally that the Defendants "agreed to further a shared plan, which included gaining authorized access to Plaintiffs' computer systems." DE 68, ¶ 129. However, "an allegation of parallel conduct does not suggest a conspiracy, and a conclusory allegation of agreement will not suffice. Rather, "[a] complaint must 'set forth clear, positive, and specific allegations of civil conspiracy.'" *Eagletech Communications, Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855, 863 (Fla. 4th DCA 2012) (citing *World Class Yachts, Inc. v. Murphy*, 731 So.2d 798, 799 (Fla. 4th DCA 1999)). Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1319 (S.D. Fla. 2014); quoting *Bell Atl. Corp. v. Twombly*, 550

ORLDOCS 22028811 7

U.S. 544, 556-57 (2007); *see also Collins v. Marsh*, 2012 WL 1058998, at \*2 (M.D. Ala. Mar. 6, 2012) (dismissing civil conspiracy claim where plaintiff failed to allege facts suggesting a conspiracy agreement other than contending that defendants had a common goal, scheme, or purpose).

Plaintiffs also fail to allege that Saiph or Kosinski agreed to Davis's scheme to use his former employer's, 777 Partners, old credentials to gain unauthorized access to Plaintiffs' files. Nor do Plaintiffs allege that Saiph or Kosinski took any overt actions towards furthering Davis's alleged scheme to continue using his old credentials to access Plaintiffs' files and data. Without these "clear, positive, and specific allegations of civil conspiracy," Plaintiffs fail to state a cause of action for civil conspiracy.

Second, Plaintiffs' action for civil conspiracy fails to state a cause of action pursuant to Florida's intra-corporate conspiracy doctrine. Under Florida law, "conspiracy requires . . . a meeting of two independent minds intent on one purpose." *Weisman v. S. Wine & Spirits of Am., Inc.*, 297 So. 3d 646, 652 (Fla. 4th DCA 2020). Significantly, interrelated entities, and their officers and agents cannot constitute the requisite combination of "two or more independent minds" necessary to sustain a conspiracy claim. *See, e.g., Bryant Heating & Air Conditioning Corp. v. Carrier Corp.*, 597 F. Supp. 1045, 1054 (S.D. Fla. 1984); *see also Gross v. Silverberg*, 2011 WL 13319388 (S.D. Fla. November 8, 2011) (J. Middlebrooks) ("Florida recognizes an intracorporate conspiracy doctrine, which stems from basic agency principles that 'attribute the acts of agents of a corporation to the corporation, so that all of the agents' acts are considered to be those of a single legal actor."), quoting *Dickerson v. Alachua County Com'n*, 200 F.3d 761, 767 (11th Cir. 2000).

Plaintiffs generally allege an agency relationship among Davis and his co-Defendants. DE 68 ¶ 127 ("Saiph, Kosinski, and their employee, Davis, are the agents of Leadenhall, and as such

ORLDOCS 22028811 7

are directed by, and act with the knowledge of its principal…"). If Saiph, Kosinski, and Davis are all agents of Leadenhall, as Plaintiffs allege, then Plaintiffs cannot establish a civil conspiracy because there was no agreement between Saiph, Kosinski, and Davis as agents of Leadenhall. Accordingly, Count V fails to state a valid cause of action for Conspiracy. Accordingly, Count V fails to state a valid cause of action for Conspiracy.

### E.      Count VI – Aiding and Abetting

In Count VI, Plaintiffs allege that "Davis perpetrated a variety of torts against Plaintiffs." DE 68, ¶ 132. Plaintiffs allege that Saiph and Kosinski "substantially assisted Davis's tortious conduct by providing him with the log in credential they had received from SuttonPark, allowing him to access SuttonPark's systems." DE 68, ¶ 134. Plaintiffs' Amended Complaint fails to apprise either Saiph or Kosinski of the "variety of torts" it aided and abetted Davis in committing. If the "variety of torts" refers to the Amended Complaint's earlier causes of action, the only alleged conduct in Count VI which relates to Saiph and Kosinski is the allegation that they provided log in credentials to Davis. However, Davis's access to Plaintiffs' computer system is not the subject of Count II (Conversion), Count III (Replevin), or Count IV (Trespass to Chattels). Accordingly, it would appear that tortious conduct at issue may only relate to Count I (CFAA); however, for the reasons described above, Saiph and Kosinski cannot be held directly or indirectly liable under the CFAA for Davis's conduct. There is no explanation in Count VI, or anywhere in the Amended Complaint, as to how Davis's alleged access to Plaintiffs' system via credentials Saiph and Kosinski were authorized by Plaintiffs to use, somehow constitutes a violation of the CFAA. Moreover, in providing login credentials to Saiph, Plaintiffs necessarily specified what those credentials were capable of accessing, and there is no allegation that Saiph's access exceeded what was authorized, or that Saiph even had the capability or intention to do so.

13 of 17

**F.     Count VII - Florida Computer Abuse and Data Recovery Act, § 668.801, Fla. Stat.**

Florida Statute §668.803 provides a civil action to the owner, operator, or lessee of a protected computer, or the owner of information stored in the protected computer who uses the information in connection with the operation of a business, against a "person who knowingly and with intent to cause harm or loss: (1) obtains information from a protected computer without authorization and, as a result, causes harm or loss…" Fla. Stat. § 668.803.

Similar to Count I for violation of the CFAA, Count VII as to Saiph and Kosinski is predicated solely on the conclusory allegation that they "directed, encouraged and/or induced Davis and, alternatively, are liable for the actions of their employee Davis, pursuant to the doctrine of respondeat superior." DE 68, ¶141. For the same reasons as in Count I, the Complaint fails to allege that Kosinski is vicariously liable for the actions of Saiph's employee. As to Saiph, the Amended Complaint fails to adequately allege that Davis's conduct was performed in the course and scope of his employment with Saiph or to serve Saiph's interests. Additionally, and like Count I, Count VII does not allege sufficient allegations of Saiph and Kosinski's direct liability for violation of Florida's Computer Abuse and Data Recovery Act, which requires that the defendant "obtain information from a computer without authorization…". Fla. Stat. § 668.803.

Paragraph 139 alleges only that "Davis obtained extensive confidential and proprietary data belonging to Plaintiffs…". DE 68, ¶ 139. Nowhere in Count VIII, or throughout the Amended Complaint, is it alleged that either Saiph or Kosinski knowingly obtained any information from Plaintiffs without authorization. In fact, the Amended Complaint states that it was Davis who obtained the files belonging to Plaintiffs, and upon their discovery, Saiph and Kosinski notified Plaintiffs of files whereabouts. *See* DE 68, ¶ 86. As it is not alleged that Saiph or Kosinski

14 of 17

knowingly obtained such information without authorization, they cannot be directly liable for a violation pursuant to Florida Statute §668.803(1).

        **G.**        **Count VIII – Stored Communications Act, 18 U.S.C**. § 2701, et seq.

"To state a claim under the Stored Communications Act, an aggrieved party must sufficiently allege two elements: (1) the defendant intentionally accessed without authorization a facility through which an electronic communication service is provided or intentionally exceeded an authorization to access that facility, and (2) the defendant obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage in such system." *Klein v. Oved*, No. 9:22-CV-80160-KAM, 2022 WL 4772399, at \*4 (S.D. Fla. Aug. 19, 2022); quoting *Skypoint Advisors, LLC. v. 3 Amigos Prods. LLC*, No. 218CV356FTM29MRM, 2020 WL 70977, at \*2 (M.D. Fla. Jan. 7, 2020).

Similar to Count I and Count VII, Count IX does not adequately allege that Saiph or Kosinski separately meet the specific elements of this claim, which would require Saiph or Kosinski to intentionally access without authorization the email facility in question, in order to trigger direct liability. As to vicarious liability, the Stored Communications Act only penalizes persons who directly, and intentionally, access stored communications without authorization. *See, e.g., Vista Mktg., LLC v. Burkett*, 999 F. Supp. 2d 1294, 1296 (M.D. Fla. 2014). Therefore, Saiph and Kosinski should not be liable for "direct[ing], encourage[ing]  and/or induc[ing] Davis" to violate access Plaintiffs' communications without authorization. DE 68, 148. Moreover, even if the Stored Communications Act provided for secondary liability, Plaintiffs do not allege Kosinski employed Davis, and therefore he cannot be liable for the actions of Saiph's employee. As to vicarious liability against Saiph, the Amended Complaint fails to allege that Davis's conduct was performed in the course and scope of his employment, and to further Saiph's interests.

## IV.    CONCLUSION

Despite their opportunity to replead following a motion to dismiss raising the very same issues, Plaintiffs' Amended Complaint still lacks ultimate facts and the degree of specificity to raise their various assertions and right to relief above a speculative level. Plaintiffs' bare assertions, strained "inferences," and "reasonable beliefs," still fail to allege ultimate facts showing Saiph or Kosinski: (1) accessed any of Plaintiffs files, data, or communications without authorization; (2) exceeded the scope of their audit when accessing Plaintiffs' files and data; (3) conspired with Davis to do anything, much less improperly access files, data, and communications; (4) directed Davis to provide any files, data, or communications to Leadenhall *for Leadenhall*'s benefit in the New York litigation; or (5) directed or encouraged Davis to commit a "variety of torts" for some benefit to either Saiph or Kosinski. Indeed, almost all of their claims founded on Saiph and Kosinski's vicarious liability for Davis's actions, Counts I, II, III, IV, VII, VIII, fail to allege how Davis's actions served Saiph's business purpose. In the absence of any ultimate facts to corroborate Plaintiffs' causes of action, this Court should dismiss the Amended Complaint against Saiph and Kosinski for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, Saiph Consulting LLC and Paul Kosinski, respectfully request that the Court dismiss all counts of the Amended Complaint as to these Defendants and grant such further relief as the Court Deems just and Proper.

Dated: December 13, 2024.

ORLDOCS 22028811 7

/s/ Harold E. Morlan III
Harold E. Morlan III
Florida Bar No.: 24250
Primary Email: hmorlan@shutts.com
Secondary Email: dbenkert@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida  32801
Telephone:  (407) 423-3200
Facsimile:   (407) 425-8316
*Attorneys for Saiph Consulting LLC and Paul Kosinski*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Harold E. Morlan III
Harold E. Morlan III

ORLDOCS 22028811 7