UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81143-CIV-MIDDLEBROOKS

**777 PARTNERS LLC and
SUTTONPARK CAPITAL LLC,**

    Plaintiffs,

v.

**LEADENHALL CAPITAL PARTNERS LLP,
LEADENHALL LIFE INSURANCE LINKED
INVESTMENT FUND PLC, NOAH DAVIS,
SAIPH CONSULTING LLC, and
PAUL KOSINSKI,**

    Defendants.

_____/

**DEFENDANTS SAIPH CONSULTING LLC AND PAUL KOSINSKI'S
ANSWER TO AMENDED COMPLAINT AND JURY DEMAND**

Defendants Saiph Consulting LLC ("Saiph") and Paul Kosinski ("Kosinski") submit this Answer in response to Plaintiffs 777 Partners LLC ("777 Partners") and SuttonPark Capital LLC's ("SuttonPark" and together with 777 Partners, "Plaintiffs'") AMENDED COMPLAINT AND JURY DEMAND.

**INTRODUCTION**

1.     Defendants admit that 777 Partners and SuttonPark were sued by Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC in the U.S. District Court for the Southern District of New York. Defendants deny the remaining allegations in Paragraph 1.

1

2

2.      Defendants admit that Leadenhall claims entitlement to access of certain SuttonPark records in order to perform a collateral audit. Defendants admit Saiph Consulting was hired to perform the collateral audit. Defendants admit Paul Kosinski founded Saiph Consulting and was a former employee of SuttonPark. Defendants deny the remaining allegations.

3.      Defendants are without sufficient information to respond to the allegations in Paragraph 3 and therefore deny the same.

4.      Defendants lack sufficient information to respond to the allegations in Paragraph 4 and therefore denies the same.

5.      Defendants admit on information and belief that videos exist depicting Davis entering SuttonPark's offices. However, Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6, including all subparts.

## PARTIES

**Plaintiffs**

7.      Defendants lack sufficient knowledge to respond to the allegations in paragraph 7 and therefore deny the same.

8.      Defendants admit the allegations in paragraph 8.


**Defendants**

9.      Defendants admit the allegations in paragraph 9 upon information and belief.

10.     Defendants admit the allegations in paragraph 10 upon information and belief.

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants admit the allegations in paragraph 12.

ORLDOCS 22191390 7 56954.0002

13. Defendants deny that Davis was ever a Saiph employee. Defendants admit that Davis was formerly a 777 employee. Defendants lack sufficient information to respond to the remaining allegations and therefore deny the same.

## JURISDICTION AND VENUE

14. Defendants admit the allegations in paragraph 14 for jurisdictional purposes only.

15. Defendants admit the allegations in paragraph 15 for jurisdictional purposes only.

16. The allegations in paragraph 16 do not appear to be directed to Defendants Saiph and Kosinski. To the extent these allegations require a response from Defendants, Defendants deny the allegations in paragraph 16.

17. Denied.

## FACTUAL BACKGROUND

18. Defendants admit the allegations in paragraph 18 upon information and belief.

19. Defendants lack sufficient knowledge to respond to the allegations in paragraph 19, and therefore deny the same.

20. Defendants are without sufficient knowledge to respond to the allegations in paragraph 20, and therefore deny the same.

21. Defendants are without sufficient knowledge to respond to the allegations in paragraph 21, and therefore deny the same.

22. Defendants admit Leadenhall engaged Saiph to perform certain audits of SuttonPark. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 22, and therefore deny the same.

23. Defendants are without sufficient knowledge to respond to the allegations in paragraph 23, and therefore deny the same.

ORLDOCS 22191390 7 56954.0002

24.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 24, and therefore deny the same.

25.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 25, and therefore deny the same.

26.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 26, and therefore deny the same.

27.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 27, and therefore deny the same.

28.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 28, and therefore deny the same.

29.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 29, and therefore deny the same.

30.     Defendants admit they were retained to perform a collateral audit. As for the remaining allegations, Defendants are without sufficient knowledge to respond to the allegations in paragraph 30, and therefore deny the same.

31.     Defendants admit Saiph was provided network credentials for purposes of a collateral audit. Defendants deny the remaining allegations in paragraph 31.

32.     Defendants admit Saiph was provided network credentials for purposes of a collateral audit. Defendants deny the remaining allegations in paragraph 32.

33.     Defendants admit the allegations in paragraph 33.

34.     Defendants admit Leadenhall engaged Saiph to perform collateral audits of SuttonPark. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 34, and therefore deny the same.

4

35. Defendants are without sufficient knowledge to respond to the allegations in paragraph 35, and therefore deny the same.

36. Defendants admit Leadenhall demanded information to which it was entitled to facilitate Defendants' collateral audit. As for the remaining allegations, Defendants are without sufficient knowledge to respond to the allegations in paragraph 36, and therefore deny the same.

37. Defendants admit on information and belief that Davis used his 777 Partners credentials obtained during his employment with Plaintiffs, to access Plaintiffs' systems. Defendants deny that they directed, encouraged, or were even aware of what Davis is alleged to have done.  As for the remaining allegations, Defendants are without sufficient knowledge to respond to the allegations in paragraph 37, and therefore deny the same.

38. Defendants are without sufficient knowledge to respond to the allegations in paragraph 38, and therefore deny the same.

39. Defendants admit on information and belief that Davis used his 777 Partners credentials obtained during his employment with Plaintiffs, to access Plaintiffs' systems. Defendants deny that they directed, encouraged, or were even aware of what Davis is alleged to have done. As for the remaining allegations, Defendants are without sufficient knowledge to respond to the allegations in paragraph 39, and therefore deny the same.

40. Defendants are without sufficient knowledge to respond to the allegations in paragraph 40, and therefore deny the same.

41. Defendants admit that additional login credentials were provided for Saiph's use. Otherwise denied.

42. Defendants deny the allegations in Paragraph 42.

ORLDOCS 22191390 7 56954.0002

43. Defendants are without sufficient knowledge to respond to the allegations in paragraph 43, and therefore deny the same.

44. Defendants are without sufficient knowledge to respond to the allegations in paragraph 44, and therefore deny the same.

45. Defendants are without sufficient knowledge to respond to the allegations in paragraph 45, and therefore deny the same.

46. Defendants are without sufficient knowledge to respond to the allegations in paragraph 46, and therefore deny the same.

47. Defendants are without sufficient knowledge to respond to the allegations in paragraph 47, and therefore deny the same.

48. Defendants are without sufficient knowledge to respond to the allegations in paragraph 48, and therefore deny the same.

49. Defendants are without sufficient knowledge to respond to the allegations in paragraph 49, and therefore deny the same.

50. Defendants are without sufficient knowledge to respond to the allegations in paragraph 50, and therefore deny the same.

51. Defendants are without sufficient knowledge to respond to the allegations in paragraph 51, and therefore deny the same.

52. Defendants are without sufficient knowledge to respond to the allegations in paragraph 52, and therefore deny the same.

53. Defendants are without sufficient knowledge to respond to the allegations in paragraph 53, and therefore deny the same.

ORLDOCS 22191390 7 56954.0002

54.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 54, and therefore deny the same.

55.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 55, and therefore deny the same.

56.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 56, and therefore deny the same.

57.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 57, and therefore deny the same.

58.     Defendants admit that credentials provisioned for Saiph's access were used to access the MP Fin System on August 2 and 9, 2024. Defendants lack sufficient information to respond to the allegations in Paragraph 58 and therefore denies the same.

59.     Defendants admit that Taheri sent an email, which speaks for itself, on or about the date indicated.  Otherwise denied.

60.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 60, and therefore deny the same.

61.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 61, and therefore deny the same.

62.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 62, and therefore deny the same.

63.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 63, and therefore deny the same.

64.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 64, and therefore deny the same.

ORLDOCS 22191390 7 56954.0002

65. Defendants are without sufficient knowledge to respond to the allegations in paragraph 65, and therefore deny the same.

66. Defendants are without sufficient knowledge to respond to the allegations in paragraph 66, and therefore deny the same.

67. Defendants are without sufficient knowledge to respond to the allegations in paragraph 67, and therefore deny the same.

68. Defendants are without sufficient knowledge to respond to the allegations in paragraph 68, and therefore deny the same.

69. Defendants admit Plaintiffs provided credentials to Saiph as part of Defendants' collateral audit. Defendants lack sufficient knowledge of the remaining allegations in paragraph 69, and therefore deny the same.

70. Defendants are without sufficient knowledge to respond to the allegations in paragraph 70, and therefore deny the same.

71. Defendants are without sufficient knowledge to respond to the allegations in paragraph 71, and therefore deny the same.

72. Defendants admit Plaintiffs' counsel emailed Saiph about the intrusions on August 30, 2024, though, because the sender was unrecognized, Saiph did not notice this email until after Plaintiffs filed suit. Defendants deny the remaining allegations in paragraph 72.

73. Defendants admit the allegations in paragraph 73.

74. The allegations in paragraph 74 do not appear to be directed to Defendants Saiph and Kosinski. However, if these allegations require a response, Defendants are without sufficient knowledge to respond to the allegations in paragraph 74, and therefore deny the same.

ORLDOCS 22191390 7 56954.0002

75.      Defendants admit on information and belief that Davis entered SuttonPark's office on September 5, 2024. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 75, and therefore deny the same.

76.      Defendants admit on information and belief that Davis was captured on video entering SuttonPark's office on September 5, 2024. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 76, and therefore deny the same.

77.      Defendants admit on information and belief that Davis was captured on video entering SuttonPark's office on September 5, 2024. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 77, and therefore deny the same.

78.      Defendants admit on information and belief that Davis was captured on video entering SuttonPark's office on September 5, 2024. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 78, and therefore deny the same.

79.      Defendants are without sufficient knowledge to respond to the allegations in paragraph 79, and therefore deny the same.

80.      Defendants admit that correspondence was sent to Plaintiffs acknowledging that there were indications Davis entered Sutton Park's office on September 11, 2024, otherwise denied.

81.      Defendants admit Saiph's initial letter referred only to Leadenhall in the subject line, due to a Scrivener's error, in so far as Saiph was evaluating Sutton Park's collateral on behalf of both Leadenhall & Northwestern Mutual Life, both of whose counsel was visibly copied on both the initial and corrected correspondence. However, Defendants deny the remaining allegations in paragraph 81.

ORLDOCS 22191390 7 56954.0002

82. The allegations in paragraph 82 do not appear to be directed to Defendants Saiph and Kosinski and therefore do not require a response. However, Defendants admit upon information and belief the allegations in paragraph 82.

83. Defendants lack sufficient knowledge to respond to the allegations in paragraph 83, and therefore deny the same.

84. Defendants are without sufficient knowledge to respond to the allegations in paragraph 84, and therefore deny the same.

85. Defendants admit that Saiph provided Plaintiffs with files that potentially contained Plaintiffs' information obtained by Davis without Defendants' knowledge.  Otherwise denied.

86. Defendants are without sufficient knowledge to respond to the allegations in paragraph 86, and therefore deny the same.

87. Defendants are without sufficient knowledge to respond to the allegations in paragraph 87, and therefore deny the same.

88. Defendants deny the allegations in paragraph 88.

89. Defendants are without sufficient knowledge to respond to the allegations in paragraph 89, and therefore deny the same.

90. Defendants are without sufficient knowledge to respond to the allegations in paragraph 90, and therefore deny the same.

91. Defendants are without sufficient knowledge to respond to the allegations in paragraph 91, and therefore deny the same.

92. Defendants are without sufficient knowledge to respond to the allegations in paragraph 92, and therefore deny the same.

10

93.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 93, and therefore deny the same.

94.     Defendants admit that they provided the referenced files to Plaintiffs.  Otherwise denied.

95.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 95, and therefore deny the same.

96.     Defendants are without sufficient knowledge to respond to the allegations in paragraph 96, and therefore deny the same. Defendant Saiph further denies that it knowingly obtained the files identified.

97.     Defendants admit that the files were located in the folder identified above that was under Davis's control. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 97, and therefore deny the same.

98.     Defendants admit that the files were located in the folder identified above that was under Davis's control. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 98, and therefore deny the same.

99.     Defendants deny the allegations in paragraph 99, including all subparts.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Against All Defendants)

100.    Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

101.    Defendants admit Davis accessed Plaintiffs' computer systems. Defendants are without sufficient knowledge to respond to the remaining allegations in paragraph 101.

11

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants deny the allegations in paragraph 108.

## SECOND CLAIM FOR RELIEF
### (Conversion Against All Defendants)

109.    Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

110.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 110 and therefore deny the same.

111.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 111 and therefore deny the same.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

## THIRD CLAIM FOR RELIEF
### (Replevin Against Davis, Saiph and Kosinski)

115.    Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

116.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 116.

ORLDOCS 22191390 7 56954.0002

117. Defendants deny the allegations in paragraph 117.

118. Defendants are without sufficient knowledge to respond to the allegations in paragraph 118 and therefore deny the same.

119. Defendants deny the allegations in paragraph 119.

## FOURTH CLAIM FOR RELIEF
### (Trespass to Chattels Against All Defendants)

120. Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

121. Defendants are without sufficient knowledge to respond to the allegations in paragraph 121, and therefore deny the same.

122. Defendants are without sufficient knowledge to respond to the allegations in paragraph 122, and therefore deny the same.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

## FIFTH CLAIM FOR RELIEF
### (Civil Conspiracy Against All Defendants)

126. Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

ORLDOCS 22191390 7 56954.0002

## SIXTH CLAIM FOR RELIEF
### (Aiding and Abetting Against Defendants Leadenhall, Saiph, and Kosinski)

131.    Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

132.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 132, and therefore deny the same.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants deny the allegations in paragraph 135.

136.    Defendants deny the allegations in paragraph 136.

## SEVENTH CLAIM FOR RELIEF
### (Florida Computer Abuse and Data Recovery Act, §668.801, et seq., Fla. Stat. (2024), Against All Defendants)

137.    Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

138.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 138, and therefore deny the same.

139.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 139, and therefore deny the same.

140.    Defendants are without sufficient knowledge to respond to the allegations in paragraph 140, and therefore deny the same.

141.    Defendants deny the allegations in paragraph 141.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

ORLDOCS 22191390 7 56954.0002

## EIGHTH CLAIM FOR RELIEF
### (Stored Communications Act, 18 U.S.C. § 2701, et seq., Against All Defendants)

144. Defendants repeat and reallege their responses to paragraphs 1 through 99 as if fully set forth herein.

145. Defendants are without sufficient knowledge to adequately respond to the allegations in paragraph 145, and therefore deny the same.

146. Defendants are without sufficient knowledge to respond to the allegations in paragraph 146, and therefore deny the same.

147. Defendants are without sufficient knowledge to respond to the allegations in paragraph 147, and therefore deny the same.

148. Defendants deny the allegations in paragraph 148.

149. Defendants deny the allegations in paragraph 149.

150. Defendants deny the allegations in paragraph 150.

## PRAYER FOR RELIEF

151. to the extent Plaintiffs' "Prayer for Relief" requires a response, Defendants deny the same.

## RESPONSE TO DEMAND FOR TRIAL BY JURY

**RESPONSE:** Defendants also demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

First Affirmative Defense: Plaintiffs fail to state causes of action under either the CFAA and SCA including because Defendants were authorized to access its files as a part of Defendants' audit and did not intentionally access files, records, or communications outside of the audit. As to Kosinski, Plaintiffs fail to state a claim for Kosinski's personal liability under any cause of action because there is no legal basis for holding Kosinski liable for acts committed during the course

15

and scope of his employment as a managing member of Saiph. The Amended Complaint lacks allegations of fraud, personal misconduct, or any other conduct that would remove the protection of limited liability afforded to Kosinski as a managing member of Saiph.

Second Affirmative Defense: Plaintiffs claims are barred in whole or in part under the doctrine of avoidable consequences. Specifically, Plaintiffs could have avoided Davis's alleged intrusions by timely revoking his 777 credentials before the audit commenced, but neglected to do so. In addition, Plaintiffs failed to timely apprise Defendants of information regarding allegations of Davis's intrusions.

Third Affirmative Defense: Plaintiffs claims are barred in whole or in part based on the doctrine of equitable estoppel. Specifically, as Plaintiffs readily allege, Plaintiffs only provided Defendants with limited access to perform their audits, which would limit Defendants' access to files and data to only those files and data relevant to the audits. Contrary to these representations, Plaintiffs now allege that they provided Defendants with access that was significantly broader than initially represented, and it was Plaintiffs expansive access that caused Plaintiffs' harm, if any. Defendants relied on Plaintiffs' representations and the access provided, performing the audit and making decisions based on the understanding that Defendants' access was authorized and consistent with Plaintiffs' intentions. Plaintiffs had knowledge of the true scope of access provided, while Defendants relied on Plaintiffs' material representations that their access was limited to only those files pertaining to the audit, lacking knowledge of any intent to limit access contrary to what was provided. Defendants' reliance on Plaintiffs' representations was reasonable and Defendants would be prejudiced if Plaintiffs were allowed to assert claims inconsistent with the representations Plaintiffs made to Defendants. Plaintiffs are further equitably estopped based on their untimely disclosure/omission of information related to the intrusions.

ORLDOCS 22191390 7 56954.0002

Fourth Affirmative Defense: Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, including because, as Plaintiffs admit., Plaintiffs defined the scope of the audit and limited Defendants' access to specific data and files necessary for Defendants to complete their audit. Contrary to the agreed-upon scope, Plaintiffs voluntarily provided Defendants with access to additional data and files that were not relevant to the audit. Plaintiffs now seek to hold Defendants liable for actions allegedly arising from the alleged access of this additional data, despite their own role in providing such access. Plaintiffs' conduct in providing access to data and files beyond the audit's scope constitutes unclean hands. By voluntarily extending access, Plaintiffs engaged in conduct that is directly related to the claims they now assert against Defendants. Moreover, Plaintiffs did not timely disclose relevant information to Defendants regarding alleged actions, and Plaintiffs' nondisclosure enabled Davis's alleged actions. Plaintiffs also has unclean hands to the extent they facilitated, enabled, or otherwise permitted the alleged intrusions and to the extent that Plaintiffs actions are intended to conceal or otherwise prevent redress or consequences for Plaintiffs' fraud.

Fifth Affirmative Defense: Plaintiffs' claims against Defendants are barred based on the intercorporate conspiracy doctrine. Specifically, Kosinski could not have conspired with Saiph to commit any of the acts Plaintiffs alleges because Kosinski is a managing member of Saiph, and therefore could not have conspired with Saiph.

Sixth Affirmative Defense: Plaintiffs' allegations regarding Defendants' vicarious liability for Davis's actions are barred in whole or in part because Defendant Davis's actions were not known or otherwise directed by the Defendants. Furthermore, Davis was an independent contractor to Saiph, and committed the alleged torts when he was an independent contractor and David did not have express or apparent agency to commit the torts or "intrusions" alleged.

17

Seventh Affirmative Defense: Plaintiffs claims under the CFAA and SCA are barred in whole or in part under the doctrine of laches. Specifically, Plaintiffs unreasonably waited to alert Defendants of Davis's actions, yet failed to timely inform Defendants that Davis was engaging in the complained of "intrusions."

Eighth Affirmative Defense: Any damages or injuries allegedly suffered by Plaintiffs resulted from acts or omissions by parties other than Defendants, and Defendants are not responsible for those other parties' acts or omissions.

Ninth Affirmative Defense: Plaintiffs' claims are barred because any alleged harm is the result of the intervening and superseding criminal conduct of a third party, not Defendants.

Tenth Affirmative Defense: Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative fault, and all similar theories due to their failure to exercise due care and diligence to avoid loss.

Eleventh Affirmative Defense: Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate its damages, including by securing its networks and timely disclosing the intrusions.

.

/s/ Harold E. Morlan III
Harold E. Morlan III
Florida Bar No.: 24250
Primary Email: hmorlan@shutts.com
Secondary Email: sseiter@shutts.com;
acumming@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida  32801
Telephone:  (407) 423-3200
Facsimile:   (407) 425-8316
*Attorneys for Saiph Consulting LLC and Paul Kosinski*

18

ORLDOCS 22191390 7 56954.0002

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of January, 2025 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Harold E. Morlan III*
Harold E. Morlan III

19

ORLDOCS 22191390 7 56954.0002