UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81143-MIDDLEBROOKS/MATTHEWMAN

777 PARTNERS LLC, et al.,

    Plaintiffs,

v.

LEADENHALL CAPITAL PARTNERS LLP, et al.,

    Defendants.
_____/

### ORDER ON MOTION FOR DISCOVERY SANCTIONS [DE 123]

THIS CAUSE is before the Court upon Defendants Leadenhall Capital Partners LLP, Leadenhall Life Insurance Linked Investments Fund PLC, Saiph Consulting LLC, and Paul Kosinkski's (collectively "Defendants") Motion for Discovery Sanctions ("Motion") [DE 123]. The Motion is ripe for review. *See* DEs 130, 132. The Court also held a hearing on the Motion on March 13, 2025. The Court made certain oral rulings at the hearing, and this Order is intended to memorialize and elaborate on those oral rulings.

### I.    BACKGROUND

The parties and their counsel are being uncooperative in discovery. Because of the lack of good faith cooperation, there have been an excessive number of unnecessary, last-minute discovery disputes. The Court has had to expedite briefings, hearings, and orders to keep this case on track for a June 2, 2025 trial and to prevent the case from being derailed by the constant discovery bickering.

To this end, the Court held a discovery hearing on February 27, 2025. [DE 116]. At that hearing, the Court ordered that Steven Pasko, Josh Wander, Alexander Adnani, and Nick Bennett

could be deposed by notice under Federal Rule of Civil Procedure 30(b)(1) and that the depositions would occur on the dates noticed by Defendants. On March 4, 2025, the Court memorialized its oral rulings in a written Order. [DE 117]. The Court also ordered Plaintiffs 777 Partners LLC and Suttonpark Capital LLC ("Plaintiffs") to produce documents by March 7, 2025. [DE 117 at 9]. Lastly, the Court stated that it "is concerned that Plaintiffs have endeavored to stymie relevant depositions and production of documents sought by Defendants. The Court will reserve jurisdiction to consider the impositions of sanctions or cost-shifting under Rule 37 upon Plaintiffs and/or its counsel pending the parties' compliance with this Order." *Id.*

Defendants now seek sanctions, including dismissal of the case, due to continuing issues with depositions and Plaintiffs' document production. *See* DE 123.

## II.   SANCTIONS

### A. Legal Standards

Under Federal Rule of Civil Procedure 37(b)(2), if a party fails to comply with a discovery order, then the Court may impose the following sanctions:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)   striking pleadings in whole or in part;
> (iv)   staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;
> (vi)   rendering a default judgment against the disobedient party; or
> (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

District courts possess wide discretion over the discovery process and when discovery sanctions are appropriate; however, "a district court may only impose a severe sanction, such as

dismissal of an action, when it has been established that the offending party's failure to comply with its discovery obligations is due to the party's willfulness, bad faith, or fault." *Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10–24310–CIV, 2011 WL 6190160, at *4 (S.D. Fla. Dec. 2, 2011). The severe sanctions permitted by Rule 37(b)(2) are usually only imposed by district courts upon a finding "(1) that the party's failure to comply with the order was willful or a result of bad faith, (2) the party seeking sanctions was prejudiced by the violation, and (3) a lesser sanction would fail to adequately punish and be inadequate to ensure compliance with court orders." *Id.* at *5; *Taylor v. Bradshaw et al.*, No. 11-80911-CIV-Marra/Matthewman, 2015 WL 11256306, at *3 (S.D. Fla. Apr. 8, 2015) *report and recommendation adopted as modified*, No. 11-80911-CIV, 2015 WL 11254712 (S.D. Fla. May 11, 2015), *aff'd sub nom. Taylor v. Bradshaw et al.*, No. 15-15027, 2018 WL 3414344 (11th Cir. July 13, 2018). This Court has dismissed cases when a plaintiff willfully refuses to appear for deposition, *see Williams v. Geo Group, Inc.*, No. 20-CV-81960, 2022 WL 848037 (S.D. Fla. Mar. 21, 2022), *aff'd*, No. 22-11266, 2023 WL 1957496 (11th Cir. Feb. 13, 2023), and when a party willfully or repeatedly violates a court order, *see Landfall 2, Inc. v. Datascore-AI, LLC*, No. 22-CV-80801, 2023 WL 2126121 (S.D. Fla. Feb. 8, 2023), *report and recommendation adopted*, No. 22-80801-CV, 2023 WL 2276467 (S.D. Fla. Feb. 16, 2023).

Further, under Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, or if the disclosure or requested discovery is provided after the discovery motion was filed, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order such payment if: (1) "the movant filed the

3

motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

### B. Depositions of Alexander Adnani, Nick Bennett, Steven Pasko, and Josh Wander

Mr. Adnani and Mr. Bennett were set to be deposed on March 4, 2025, and March 5, 2025, respectively, but they did not appear. [DE 123 2–3]. Defendants assert that Plaintiffs' counsel failed to explain their efforts to secure Mr. Adnani's and Mr. Bennett's appearance. *Id.* at 3. Further, Defendants state that Plaintiffs could not confirm if Mr. Pasko and Mr. Wander would attend their noticed depositions. *Id.*

In response, Plaintiffs state that they informed Mr. Adnani and Mr. Bennett of their scheduled depositions, but Mr. Adnani and Mr. Bennett did not appear due to the advice of their independent counsel. [DE 130 at 1–2]. Further, Plaintiffs assert that Mr. Adnani and Mr. Bennett have now confirmed that they will sit for their depositions. *Id.* at 2. As to Mr. Pasko and Mr. Wander, Plaintiffs explain that they have informed Mr. Pasko and Mr. Wander of their depositions, Mr. Pasko has confirmed that he will appear, and, as of the March 13, 2025 hearing, Mr. Wander has not indicated that he intends not to appear. *Id.*

In reply, Defendants assert that with the current discovery schedule, they do not have time to reschedule depositions for Mr. Adnani and Mr. Bennett. [DE 132 at 3].[1]

The Court finds that severe sanctions are not warranted. First, Defendants fail to show that Plaintiffs acted in bad faith. As stated, Mr. Adnani and Mr. Bennett did not appear due to advice from their independent counsel. [DE 130 at 2]. There is no showing that Plaintiffs intentionally told the deponents to fail to appear at their scheduled depositions. Further, Plaintiffs have

---

[1] The Court notes that it extended the discovery cutoff date from March 20, 2025, to March 28, 2025, to provide additional time for the parties to take depositions in light of their constant bickering and delays.

confirmed that Mr. Adnani and Mr. Bennett will now appear to be deposed. *Id.* Also, Plaintiffs have tried to confirm that Mr. Pasko and Mr. Wander will appear as noticed. *Id.* Lastly, as stated at the hearing, the Court has **extended the discovery deadline until March 28, 2025**, so the parties can complete the depositions of Mr. Adnani and Mr. Bennett. Thus, severe sanctions under Rule 37(b) are not warranted at this time.

Further, the depositions of Mr. Adnani and Mr. Bennett shall occur on **March 24, 2025**, as agreed by the parties at the March 13, 2025 hearing. The depositions of Mr. Pasko and Mr. Wander shall proceed as noticed by Defendants on or before March 28, 2025. The parties, counsel, and the deponents would be wise to comply with Court Orders. Lastly, the Court will reserve jurisdiction to impose sanctions under Rule 37 regarding any further issues concerning depositions.

### C. Document Production

Defendants again raise concerns that Plaintiffs have not conducted a reasonable search for documents. In support, Defendants state that Plaintiffs have not disclosed a single search term, in violation of the Stipulated ESI Protocol Order [DE 118], and that Plaintiffs have failed to confirm that they have broadened their search to include documents from the court-ordered relevant period. [DE 132 at 3].

Plaintiffs assert that they produced all documents by the March 7, 2025 deadline. [DE 130 at 4]. At the hearing, Plaintiffs stated they had not had time to share their search terms with Defendants.

Plaintiffs' actions are highly improper. When a party agrees to do something in an ESI Protocol, as Plaintiffs did here, the Court expects them to live up to their agreement. In this regard, however, it seems that Plaintiffs are now willing to discuss search terms with Defendants. The parties are ordered to confer, cooperate, and comply with all orders and whatever agreements they

5

have entered into in this case, including the ESI Protocol. An ESI Protocol agreement is supposed to make the discovery process more efficient and expedient, but that certainly has not been the situation in this case.

Here, Plaintiffs and their counsel have been dilatory in their discovery production, and they have failed to comply fully with the Stipulated ESI Protocol. This type of conduct is not permitted in federal court and is certainly not allowed in this Court. Based on the record, there is no doubt that Plaintiffs' document production has been dilatory, late, and has caused Defendants unnecessary expense. Initially, Plaintiffs had not ensured that they conducted a timely reasonable search or complied with Court Orders regarding document search and production. [DE 117; DE 118]. Instead, Plaintiffs initially lodged boilerplate objections and continually failed to discuss their search terms with Defendants. *See* DEs 95-3, Ex. 3, 95-4, Ex. 4, 95, 114, 123. The Court even warned the parties not to lodge boilerplate objections at the outset of this case. Apparently, Plaintiffs and their counsel were not listening, or if they were, they cavalierly disregarded the Court's instructions.

As previously stated, the Court "expects all parties and counsel in this case to fulfill their legal and ethical duties to conduct a thorough search and production of discovery." [DE 117 at 8]. That order still stands. Further, under the Stipulated ESI Protocol Order, the parties must meet and confer regarding selecting search terms. [DE 118]. That obligation remains. The Court does not want to see any more issues in this regard.

Therefore, for all these reasons, the Court finds that cost shifting is appropriate under Rule 37(a)(3)(B)(iv), 37(a)(5)(A), and 37(b)(2)(C). The Court orders that the reasonable expenses and attorney's fees incurred by Defendants in requesting the Court to compel Plaintiffs to conduct a reasonable search and production [DE 95] and in requesting sanctions for this conduct [DE 123]

6

shall be assessed against Plaintiffs and their counsel jointly and severally. The search and production by Plaintiffs and their counsel has been woefully inadequate, dilatory, and evasive.[2] Therefore, the Court finds that none of the exceptions under Rule 37(a)(5)(A) or 37(b)(2)(C) are applicable.

With this information in mind, the Court encourages the parties to confer in good faith to come to an agreement concerning a reasonable amount of expenses, including attorney's fees, to be paid by Plaintiffs and their counsel to Defendants. The parties on both sides should be reasonable and engage in good faith conferral on this issue. Should the parties reach such an agreement as to the amount of attorneys' fees and costs due the Defendants pursuant to this Order, they shall notify the Court on or before **April 1, 2025**. Should the parties be unable to reach an agreement as to the proper amount, on or before **April 3, 2025**, Defendants shall file a memorandum and affidavit or declaration of reasonable expenses, including costs and attorney's fees, specifying the hours claimed and hourly rate sought, as well as the billing logs for each biller and a statement concerning their qualifications and/or experience. Thereafter, on or before **April 10, 2025**, Plaintiffs and their counsel shall respond and state any objections to the fees and costs claimed or the hourly rates claimed. Defendants shall then be permitted to file a reply on or before **April 15, 2025**. The Court will then enter a further order as to the amount awarded in favor of Defendants and against Plaintiffs and their counsel.

### III. OTHER DISCOVERY ISSUES RAISED AT HEARING

In the spirit of continued discovery bickering, the parties raised various other issues at the March 13, 2025 hearing. First, Defendants Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investment Fund PLC (the "Leadenhall Defendants") argued that Plaintiffs

---

[2] The Court expects that Plaintiffs and their counsel have now complied with their legal and ethical obligations to conduct a thorough search and production of documents.

untimely noticed the depositions of the Leadenhall Defendants' Rule 30(b)(6) corporate representative. The Leadenhall Defendants stated that Plaintiffs noticed the deposition of the Leadenhall Defendants' Rule 30(b)(6) corporate representative on March 9, 2025. The Leadenhall Defendants assert that this notice is untimely given the previous March 20, 2025 discovery deadline and because the Rule 30(b)(6) corporate representative is located out-of-state. *See* S.D. Fla. L.R. 26.1(h). However, given that the Court extended the discovery deadline to March 28, 2025, and the fact that the Leadenhall Defendants stated that they were aware that Plaintiffs were going to notice this deposition beforehand, the Court finds that the Leadenhall Defendants' Rule 30(b)(6) corporate representative's deposition can proceed. The Court does not want to put form over substance in this instance. Plaintiffs shall have until **March 28, 2025**, to take this deposition.

Second, Plaintiffs seek to depose Tom Spreutels, John Wells, and Luca Albertini, all allegedly high-level executives of the Leadenhall Defendants. However, Plaintiffs fail to prove how these individuals are relevant to the case. Further, as the Leadenhall Defendants pointed out, Plaintiffs can arguably get the information they seek from these individuals from Craig Gillespie, the Rule 30(b)(6) corporate representative of the Leadenhall Defendants. Therefore, regardless of any timeliness of notice issues, Plaintiffs have not shown at this juncture how the testimony of Tom Spreutels, John Wells, and Luca Albertini is relevant and proportional to this case.

Also, Plaintiffs shall produce Shawn Taheri to be deposed for an additional two hours on or before **March 28, 2025**. Lastly, the parties may complete the depositions of Ian Ratner, Mollie Wander, and Karen Gorde on or before **March 28, 2025**.

### IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

8

1. **The discovery deadline is extended until March 28, 2025**. However, the deadline is only extended so the parties can complete certain depositions, as stated above, or make any supplemental discovery production, and not to conduct new discovery.

2. The Motion [DE 123] is **GRANTED IN PART AND DENIED IN PART** as stated in this Order. The parties shall abide by the briefing schedule to determine the amount of attorney's fees and costs to be awarded to Defendants under Rule 37.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of March 2025.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge