UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 24-81143-CIV-DMM

777 PARTNERS LLC and SUTTONPARK CAPITAL LLC,

   Plaintiffs,

vs.

LEADENHALL CAPITAL PARTNERS LLP, LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC, NOAH DAVIS, SAIPH CONSULTING LLC, and PAUL KOSINSKI,

   Defendants.

**JOINT STATUS REPORT IN RESPONSE TO
OMNIBUS ORDER ON MOTIONS TO SEAL**

Pursuant to this Court's April 9, 2025, Omnibus Order on Motions to Seal [ECF 177] (the "Omnibus Order"), all parties – plaintiffs 777 Partners LLC and SuttonPark Capital LLC (collectively, "Plaintiffs"), defendants Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investment Fund PLC (collectively, "Leadenhall), Saiph Consulting LLC and Paul Kosinski (collectively, "Saiph"), and Noah Davis – respectfully submit this Joint Status Report.

**I. Background**

In the Omnibus Order, the Court denied, without prejudice, certain motions to seal and a motion to substitute redacted exhibits, and directed the parties to meet and confer and submit this Joint Status Report.

1

Specifically, the Court directed the parties to discuss and consider the following points:

- "how to proceed with filing exhibits or other information submitted in support of their pending motions, which have been marked as confidential";

- "whether redacting only the protected information from the filings is appropriate and sufficient";

- "whether they can enter into a stipulation as to the relevant contents of certain documents such that this information can be summarized without the need of sealing";

- "whether, alternatively, they must file a renewed motion to seal certain documents."

The parties met and conferred via videoconference on April 10, 2025, to discuss these matters, and engaged in subsequent communications leading up to the filing of this Joint Status Report.

## II. The Parties' Compliance with the Confidentiality Stipulation and Protective Order

First, the parties respectfully all believed that they were complying with this Court's Confidentiality Stipulation and Protective Order [ECF 119] (the "Confidentiality Order") in filing their materials in support of their summary judgment and other pre-trial motions filed on April 3, 2025. No party is contending that another party failed to comply with those requirements.

Under paragraph 9 of the Confidentiality Order, if a party files any material designated as "confidential" by another party, the filing party is to provisionally redact or withhold the material, provide notice to the designating party, and allow the designating party to file a motion to seal if the designating party seeks to withhold the information from the public docket. Given the close of fact discovery on March 28, 2025, and the short deadline thereafter for dispositive and pre-trial motions, the parties collectively lacked time to resolve these confidentiality matters on a pre-filing

2

basis, and therefore followed for the procedure set forth in paragraph 9 of the Confidentiality Order.

The parties hope that this explanation helps the Court to understand why the Court sees many redactions and withheld exhibits in the parties' various submissions on the public docket.

### III. The Parties Intend to File the Vast Majority of Redacted or Withheld Information Publicly

After following the procedure in the Confidentiality Order and receiving no objection from the designating party as to the vast majority of the withheld documents, and after the parties' meet and confer process directed by this Court, the parties advise the Court that most of the material provisionally withheld will not be the subject of any sealing motion, and can be filed in an orderly fashion. As noted below, the parties are prepared to file all such materials publicly when directed by the Court, and propose a procedure below for doing so.

### IV. Most Exhibits Will Be Filed Publicly

It is Plaintiffs' position that no materials that have been filed to date warrant being filed under seal. Defendants likewise do not intend to file any motions to seal. However, one individual witness has advised that he intends, through his own separate counsel, to file a motion to seal as to portions of his deposition transcript that were cited in and attached to the parties' filings.

After following the procedure in the Confidentiality Order that allows the designating party time to assess the confidentiality of the documents, and having received no objection, the parties advise the Court that most of the exhibits previously withheld on a provisional basis (and the corresponding redactions in the briefs and statements of undisputed material fact) will not be the subject of any sealing motion, and do not need to be redacted. The parties also note that most of these materials redacted or withheld consist of deposition testimony that either was designated confidential on the record, or was taken within the thirty days prior to the summary judgment and

pre-trial motion deadline and therefore still deemed confidential under paragraph 5 of the Confidentiality Order.

The parties also wish to point out that they believed, prior to filing, that the vast majority of these materials should not be the subject of a sealing motion, but withheld or redacted them in order to comply with the provisional filing procedure in paragraph 9 of the Confidentiality Order.

The parties are prepared to file these materials publicly when directed by the Court, and propose a procedure below for doing so.

### V.  The Parties Agree that Certain Exhibits Can Be Redacted Under Local Rule 5.4(f) Without the Need for a Sealing Motion

Under Southern District of Florida Local Rule 5.4, certain information can be filed in redacted form with the Court, without the need for a motion to seal.  Under Local Rule 5.4(f)(1), a filer may redact information from exhibits that the filer in good faith believes is sensitive, confidential, or private, and is irrelevant to the resolution of the matter as to which the exhibit is filed.  Under Local Rule 5.4(f)(2), certain personal information can be redacted.

The parties note that certain exhibits that were filed in redacted form, were redacted pursuant to Local Rule 5.4(f), and do not need a corresponding motion to seal or need to be re-filed.  The parties also have conferred, and agree that certain other exhibits that were previously withheld on a provisional basis under Paragraph 9 of the Confidentiality Order may be filed in redacted form pursuant to Local Rule 5.4(f).  The parties also note that this will not require any redactions in the parties' briefing or statements of undisputed material fact, which will be able to be re-filed publicly in full.

The parties are prepared to file these materials in redacted form when directed by the Court, and propose a procedure below for doing so.

4

### VI. Only One Document Will Be the Subject of a Motion to Seal – To Be Filed by an Individual Witness

After engaging in the conferral process, there is only one document that will need to be addressed by the Court. Individual counsel for witness Joshua Wander has advised that he intends to file a motion to seal portions of his deposition transcript that are referenced and/or attached to the parties' summary judgment or pre-trial motion papers. Counsel for Wander has been advised of this Court's Omnibus Order and the timing set forth therein. Plaintiffs, Leadenhall, and Saiph take no position on the Wander motion. Davis opposes the Wander motion.

### VII. The Parties Agree that Plaintiffs Should Be Permitted to Substitute Corrected Filings as Requested in Their Prior Motion

Plaintiffs previously filed their Motion to Substitute Redacted Exhibits and Correct Prior Filings [ECF 175], which the Court denied without prejudice. In that motion, which was unopposed, Plaintiffs noted that they had mistakenly filed the full transcript of the deposition of Craig Gillespie, rather than excerpts, in ECF 145-1 and ECF 164-1, and Plaintiffs asked to withdraw the previous filing of the full transcript and replace with excerpts ("Plaintiffs' Corrected Filings").

Mr. Gillespie is an employee of Leadenhall. Leadenhall had no objection to the public filing of the excerpts of his deposition by Plaintiffs.

Because the parties all agree that the excerpts should replace the full Gillespie transcript, and the full transcript is not necessary to the Court's ruling on the motions as to which his full transcript was inadvertently attached, the parties respectfully renew Plaintiffs' request to substitute the previously filed full transcripts with Plaintiffs' Corrected Filings.

### VIII. The Parties Propose that All Materials Be Re-Filed After the Court Addresses the Remaining Motion to Seal

The parties believe that the most efficient procedure for the parties and the Court will be to have each party re-file its respective summary judgment and pre-trial motions and supporting documents, as well as Plaintiffs' Corrected Filings, in final public-access form, after the Court addresses the Wander motion to seal. The parties believe this would result in less confusion for the parties and the Court, and would ease the administrative burden on everyone.

If the Court orders the Wander deposition transcript to be sealed, the parties will file it, and any quoted references to the transcript, under seal. If the Court denies the motion to seal, then any such unsealed materials would be filed with the renewed summary judgment and pre-trial motion filings referenced herein.

The parties believe that these renewed filings should be done within two business days after the Court issues its ruling on the motion to seal.

The parties anticipate that the Court will address the motion to seal promptly, and believe that this timing for re-filing all materials will provide the Court with sufficient time to review the parties' summary judgment and pre-trial motions, and rule on them in advance of the June 2, 2025, trial date in this matter.

Finally, the Saiph Defendants have previously notified the Parties of scrivener's errors with respect to their exhibits and have provided the corrected exhibits and designations. To avoid refiling multiple versions of the Statement of Material Fact and exhibits before the confidentiality issues are resolved, the Saiph Defendants have proposed to file a corrected version of their Statement of Material Facts addressing both the scrivener's error issues along with the confidentiality issues in accordance with the schedule herein. Plaintiffs have not yet taken a position on this issue; the remaining parties have no objections.

6

Dated:  April 14, 2025

| | |
|---|---|
| **GUNSTER YOAKLEY & STEWART P.A.** | **KING & SPALDING LLP** |
| By: */s/ Brian M. McPherson*<br>George Lemieux<br>Florida Bar No. 16403<br>Brian M. McPherson<br>Florida Bar No. 735541<br>777 S. Flagler Dr.<br>East Tower, Suite 500<br>West Palm Beach, FL 33401<br>Telephone: (561) 655-1980<br>Fax: (561) 655-5677<br>glemieux@gunster.com<br>bmcpherson@gunster.com | By: */s/ Brian P. Miller*<br>Brian P. Miller<br>Florida Bar No. 0980633<br>Ross E. Linzer<br>Florida Bar No. 0073094<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4700<br>Miami, FL 33131<br>Telephone: (305) 462-6000<br>Fax: (305) 462-6100<br>bmiller@kslaw.com<br>rlinzer@kslaw.com |
| - and – | Peter Starr (*pro hac vice*)<br>Georgia Bar No. 648453<br>1180 Peachtree Street, Suite 1600<br>Atlanta, GA 30309<br>Telephone: (404) 572-2767<br>Fax: (404) 572-5100<br>pstarr@kslaw.com |
| **SMITH GAMBRELL & RUSSELL LLP**<br><br>John G. McCarthy (*pro hac vice*)<br>David A. Pellegrino (*pro hac vice*)<br>1301 Avenue of the Americas, 21st Floor<br>New York, New York 10019<br>Telephone: (212) 907-9700<br>Fax: (212) 907-9800<br>jmccarthy@sgrlaw.com<br>dpellegrino@sgrlaw.com<br><br>*Attorneys for 777 Partners LLC and SuttonPark Capital LLC* | Leigh M. Nathanson (*pro hac vice*)<br>Brian Donovan (*pro hac vice*)<br>1185 Avenue of the Americas<br>New York, NY 10036-4003<br>Telephone: (212) 556-2100<br>Fax: (212) 556-2222<br>lnathanson@kslaw.com<br>bdonovan@kslaw.com<br><br>*Attorneys for Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC* |

7

| | |
|---|---|
| **LEONARD FEUER, P.A.** | **SHUTTS & BOWEN LLP** |
| By: /s/ *Leonard Feuer* <br> Leonard S. Feuer <br> Florida Bar No. 501751 <br> Leonard Feuer, P.A. <br> 500 S. Australian Avenue, Suite 500 <br> West Palm Beach, FL 33401 <br> Telephone: (561) 659-1360 <br> Fax: (561) 249-4100 <br> lfeuer@feuerlawfirm.com | By: /s/ *Harold E. Morlan III* <br> Harold E. Morlan III <br> Florida Bar No. 24250 <br> 300 South Orange Avenue, Suite 1600 <br> Orlando, Florida 32801 <br> Telephone: (407) 423-3200 <br> Fax: (407) 425-8316 <br> Primary Email: hmorlan@shutts.com <br> Secondary Email: sseiter@shutts.com |
| *Attorney for Noah Davis* | *Attorneys for Saiph Consulting LLC and Paul Kosinski* |